UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
RYAN BECK & CO., INC.,

                Plaintiff,

                -against-

DALY HOLDINGS, INC. and SEAN M. DALY,

                Defendants.
---------------------------------------------------------X

06 Civ. 5349 (RCC)

MEMORANDUM & ORDER

**RICHARD CONWAY CASEY, United States District Judge:**

      Plaintiff Ryan Beck & Co., Inc. ("Plaintiff" or "Ryan Beck") moves for the appointment of a receiver of defendant Daly Holdings, Inc. ("Daly Holdings"). For the following reasons, Plaintiffs' motion is **DENIED**.

**I.    BACKGROUND.**

      Ryan Beck filed this action in July 2006 against defendants Daly Holdings and Sean M. Daly (collectively, "Defendants"). Plaintiff alleges the following.

      Plaintiff is a registered broker-dealer company, headquartered in New Jersey. Daly Holdings is a private investment corporation, incorporated and headquartered in Virginia, and owned and operated by Sean M. Daly, a citizen of Virginia. Plaintiff alleges that diversity jurisdiction exists under 28 U.S.C. § 1332, and that venue in New York is proper pursuant to 28 U.S.C. § 1391 because Plaintiff and Defendants transacted business here. (Compl. ¶¶ 1-4.)

      According to the complaint, in June 2006, Defendants placed orders with a Ryan Beck trader for the purchase of shares of Jos. A. Bank Clothiers, a publically traded company. (Compl. ¶ 5.) However, when Ryan Beck attempted to deliver the shares to two financial institutions—NFS Securities and Goldman Sachs & Co.—for the benefit of Defendants, the financial institutions "'DK'D' the trade and advised Ryan Beck that they had not been authorized by Defendants to transmit funds in exchange for these shares of stock that Defendants had ordered from Ryan Beck." (Id. ¶¶ 6, 7.) Sean M. Daly promised to pay for the shares, but Defendants failed to make payment to Plaintiff. (Id. ¶ 8.)

Plaintiff alleges that "[a]s a consequence of the failure of Defendants to pay for these shares, Ryan Beck was forced to liquidate the shares it was holding that were not paid for in order to mitigate damages and avoid a regulatory capital charge." (Id. ¶ 9-11.) Plaintiff further alleges that upon selling the Jos. A. Bank shares, it realized a loss of $107,203.00, for which Defendants are responsible. (Id. ¶ 9-11.)

Finally, Plaintiff argues that the appointment of a temporary receiver in this case would be appropriate. Without providing details, it alleges that Daly Holdings "has or is in danger of becoming insolvent, and/or its business is being operated at a great loss and in a manner greatly prejudicial to the interests of creditors, including Ryan Beck, [and that] there is a danger that the specific monies due to Ryan Beck will be remanded from the State, lost or liquidated." (Id. ¶ 13-14.)

## II.     DISCUSSION.

Plaintiff relies on New York Civil Practice Law and Rules § 6401 in arguing that the Court should appoint a receiver. (See Pl. Mem. 2.) Section 6401 states:

> Upon motion of a person having an apparent interest in property which is the subject of an action . . . a temporary receiver of the property may be appointed, before or after service of summons and at any time prior to judgment, or during the pendency of an appeal, where there is danger that the property will be removed from the state, or lost, materially injured or destroyed.

N.Y. C.P.L.R. § 6401.

As a threshold matter, although Plaintiff cites § 6401, it is not clear to the Court that state law, and not federal law, applies to the question of whether the Court should appoint a receiver. Wright & Miller explain that "what law governs [in appointing a receiver] is a close question on which there remains little authoritative precedents," 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2983 (2d ed. 1997) ("Wright & Miller"), and "[w]hether a federal court should appoint a receiver in a diversity action appears to be a question properly determined on the basis of federal law," id.; see also Chase Manhattan Bank, N. A. v. Turabo Shopping Ctr., Inc., 683 F.2d 25, 26 (1st Cir. 1982) (citing cases and stating: "Most federal court decisions dealing with the appointment of a receiver pendente lite

2

appear to apply federal law without discussion").

In any event, the decision of whether to appoint a receiver is one reserved to the discretion of the district court judge. See Rosen v. Siegel, 106 F.3d 28, 33 (2d Cir. 1997); Lee v. 183 Port Richmond Ave. Realty, Inc., 303 A.D.2d 379, 380 (N.Y. App. Div. 2003). "The appointment of a receiver is considered to be an extraordinary remedy, and should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988); accord Lee, 303 A.D.2d at 380. Generally, a receivership is an equitable remedy. See Pa. Steel Co. v. New York City Ry. Co., 198 F. 721, 737 (2d Cir. 1912); Mack v. Stanley, 74 A.D. 145, 146 (N.Y. App. Div. 1902) (receivership not available in tort where there is no claim made for any specific property).

The Court need not conclusively determine whether state or federal law applies because "in practice the [federal and state] standards for appointment are likely to be essentially the same," Wright & Miller § 2983, and because the Court would deny Plaintiff's motion under either the state or federal standards. Ryan Beck has not made "a clear evidentiary showing of the necessity for the conservation of . . . property at issue and the need to protect the moving party's [(Plaintiff's)] interests." Lee, 303 A.D.2d at 380. Nor has Ryan Beck made a sufficient showing of a threat of dissipation of Defendants' assets. See Marshall v. Snyder, 572 F.2d 894, 901 (2d Cir. 1978); Gordon v. Washington, 295 U.S. 30, 37 (1935) (describing a federal court's equitable power to appoint a receivership). Ryan Beck does not allege that Defendants have assets in New York or that Defendants will remove property from the jurisdiction. Ryan Beck also does not offer any facts to support its allegation that Defendant is in danger of becoming insolvent. Under these circumstances, the Court will not grant the extraordinary remedy of appointing a receiver. The Plaintiff has not shown that available legal remedies are inadequate.

### III. CONCLUSION.

Plaintiff's motion for the appointment of a receiver is **DENIED**.

SO ORDERED.

_____
Richard Conway Casey, U.S.D.J.

New York, New York
December 19, 2006

3